United States District Court
Southern District of Texas
**ENTERED**
November 18, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| NOSHIGINA, LLC,<br><br>*Plaintiff*,<br>VS.<br><br>ACCEPTANCE INDEMNITY INSURANCE COMPANY;<br><br>*Defendant*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 4:26-CV-6325 |

**ORDER**

Pending before this Court is Defendant Acceptance Indemnity Insurance Company's ("Acceptance") Motion to Limit Attorney's Fees. (Doc. No. 5). Plaintiff Noshigina, LLC ("Noshigina") responded in opposition, (Doc. No. 9), and Acceptance replied in support of its motion. (Doc. No. 10). After considering the Motion and the applicable law, the Court **GRANTS** Acceptance's Motion.

## I. Factual Background

This is an insurance coverage dispute. Noshigina alleges that Hurricane Beryl caused significant damage to its commercial property, which was covered by an insurance policy issued by Acceptance. (Doc. No. 1–1 at 10). Acceptance denied payment on the claim, contending that the bulk of the damage was caused by pre-hurricane wear-and-tear, and that the covered damage did not exceed the amount of the deductible. (*Id.*). Noshigina brought suit against Acceptance, asserting claims for breach of contract, violations of the Texas Insurance Code, and breach of the common law duty of good faith and fair dealing. (*Id.* at 11-13).

That being said, the issue before the Court is not whether Acceptance is liable to Noshigina on the underlying insurance policy. The issue is whether Noshigina is precluded from recovering

attorney's fees in this case (as of the date Defendant filed the pending Motion) pursuant to pursuant to § 542A.003 of the Texas Insurance Code. As discussed in detail below, Acceptance alleges that Noshigina failed to provide sufficient pre-suit notice as required by Chapter 542A. It argues that this failure necessitates a finding by the Court that Noshigina cannot recover attorney's fees.

## II. Controlling Law

Under Texas law, a claimant in an insurance action must file a pre-suit notice, which must include:

> (1) a statement of the acts or omissions giving rise to the claim;
>
> (2) the specific amount alleged to be owed by the insurer on the claim for damage to or loss of covered property; and
>
> (3) the amount of reasonable and necessary attorney's fees incurred by the claimant, calculated by multiplying the number of hours actually worked by the claimant's attorney, as of the date the notice is given and as reflected in contemporaneously kept time records, by an hourly rate that is customary for similar legal services.

TEX. INS. CODE § 542A.003(b).

To prevail on a motion to deny attorney's fees under Texas Insurance Code § 542A.007(d), a defendant must plead and prove that:

> [T]he defendant was entitled to but was not given a presuit notice stating the specific amount alleged to be owed by the insurer under Section 542A.003(b)(2) at least 61 days before the date the action was filed by the claimant . . . .

TEX. INS. CODE § 542A.007(d). If the defendant meets its burden of proof, the "court may not award to the claimant any attorney's fees incurred after the date the defendant files the pleading with the court." *Id.*

## III. Analysis

As this Court has previously held, while § 542A.003(b) provides more than one requirement for the presuit notice, "the statutory language of § 542A.007(d) only limits attorney's fees when the presuit notice fails to comply with § 542.003(b)(2)'s requirement that the notice

include the specific amount alleged to be owed by the insurer." *Zaceta v. Liberty Mutual Ins. Group*, 2025 WL 1797557, at *2 (S.D. Tex. Jun. 25, 2025) (Hanen, J.). That being the case, to meet its burden under § 542A.007(d), Noshigina must have provided a presuit notice that included the specific amount it alleged Acceptance owed.

Noshigina points to a thirty-page report prepared on August 21, 2024 by its retained public adjuster and sent to Acceptance. (Doc. No. 9–2). The question, then, is whether this report included the specific amount alleged to be owed. The report includes the "Replacement Cost Value" ($1,334,747.63), and the "Net Claim" ($1,334,747.63). This Court's opinion in *Zaceta* is again instructive. There, the figure provided to defendants was "the total cost for the repairs to the Property." *Zaceta*, 2025 WL 1797557, at *3. This Court held that was not the same as the specific amount owed:

> Plaintiff contends that Defendant is capable of "comparing the demanded amount with the amount that Defendant purports to have paid out on the claim" to determine the amount owed. Therefore, it is clear that the figure alleged to be the total cost for repairs does not account for the amount that Liberty Mutual had already paid. While it is possible that Liberty Mutual could calculate the difference, it is equally possible that Plaintiff could have compared the amount of the quote with the amount he already received. The Insurance Code places the burden on Plaintiff to ensure that the presuit notice specifies the amount owed by Defendant. Liberty Mutual is not required to "figure it out." As such, the first figure of $201,570.61 is not the "specific amount owed by Liberty Mutual."

*Id.*

In this case, Acceptance acknowledged a covered loss, but found it fell below the deductible and refused payment. That being the case, the Court finds no basis on which to distinguish this case from *Zaceta*: the figure provided by Noshigina did not account for the deductible, or any other factors, if any, that might reduce the replacement cost value when calculating the amount owed by the insurer. As such, the amount provided is not the "specific amount alleged to be owed" by Acceptance. TEX. INS. CODE § 542A.007(d).

## IV. Conclusion

For the foregoing reasons, Acceptance's Motion to Limit Attorney's Fees, (Doc. No. 5), is **GRANTED**. Therefore, the Insurance Code prohibits this Court from awarding Noshigina any attorney's fees incurred after August 28, 2026, the date Acceptance filed its Motion to Limit Attorney's Fees.

It is so ordered.

Signed on this the 18th day of November 2026.

Andrew S. Hanen
United States District Judge